IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES FRAZIER,                                                    ORDER

               Petitioner,                                  10-cv-293-bbc

   v.

JIM WHITEHEAD,[1] Warden,
FCI Cumberland, Maryland,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner James Frazier, a prisoner at the Federal Correctional Institution in Cumberland, Maryland, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that his sentence is unlawful because he is "actually innocent" of the crimes for which he was convicted and that his sentence should be reconsidered in light of recent rulings regarding the crack-to-powder ratio underlying his offense level. He has paid the $5 filing fee.

---

[1] Petitioner included "Warden FCI Cumberland" and "Attorney General of the United States" in his caption, but the only proper respondent to a habeas petition is the warden of petitioner's prison. al- Marri v. Rumsfeld, 360 F.3d 707, 712 (7th Cir. 2004). Thus, I have amended the caption accordingly. Best v. City of Portland, 554 F.3d 698 (7th Cir. 2009) (substituting proper defendant in official capacity case).

1

Petitioner includes very few facts in his petition regarding his conviction and sentence. However, the record of his criminal case, United States v. Frazier, Case No. 06-cr-221-bbc, shows that on August 7, 2007 after a jury trial in this court, petitioner was convicted of distribution of crack and possession of crack with intent to distribute. He was sentenced to 360 months' imprisonment and he filed an appeal. While the appeal was pending, petitioner filed a motion to vacate his sentence 28 U.S.C. § 2255. On October 2, 2008, I dismissed the motion, explaining to petitioner that it was premature because his direct appeal was still pending. Dkt. #121, case no. 06-cr-221-bbc. On November 17, 2009, the court of appeals affirmed petitioner's sentence and dismissed his appeal. United States v. Coleman, 2009 WL 3427549 (7th Cir. 2009).

## DISCUSSION

Petitioner brings this action under 28 U.S.C. § 2241, which allows a court to grant a writ of habeas corpus for a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As an initial matter, § 2241(a) limits district courts to granting such writs only if the prisoner is restrained in the district in which the court sits. Petitioner is in custody in Maryland, so his petition should have been brought in the District of Maryland. Wyatt v. United States, 574 F.3d 455, 460 (7th Cir. 2009) (proper venue for filing § 2241 motion is district in which prisoner is

2

confined). However, § 2241(a) is not a rule of subject matter jurisdiction, but rather a special venue provision. Moore v. Olsen, 368 F.3d 757, 759 (7th Cir. 2004). Because both personal jurisdiction and improper venue can be waived, id., petitioner's failure to file his petition in Maryland is not fatal unless respondent objects.

However, petitioner's petition has another problem. Ordinarily, a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Relief under § 2241 is available only when a motion under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention," 28 U.S.C. § 2255(e), which means that "a structural problem in § 2255 forecloses even one round of effective collateral review" and "the claim being foreclosed is one of actual innocence." Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). Although petitioner states repeatedly in his petition that this is "not a motion or petition pursuant to 28 U.S.C. § 2255," he has not explained why he chose to bring his petition under § 2241 instead of § 2255.

Because petitioner has failed to discuss why § 2255 is inadequate to challenge his federal sentence, I will give him an opportunity to supplement his petition. If he fails to do so, his petition will be dismissed.

ORDER

3

IT IS ORDERED that petitioner James Frazier may have until July 5, 2010, to supplement his petition with a showing that a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective to test the legality of his detention." If petitioner fails to respond by July 5, I will deny the petition for his failure to show that he is in custody in violation of federal law.

Entered this 24th day of June, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge