IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES V. FRAZIER,

                                                                                ORDER

                        Petitioner,

                                                                                10-cv-293-bbc

       v.

JIM WHITEHEAD, Warden,
FCI Cumberland, Maryland,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner James Frazier, a prisoner at the Federal Correctional Institution in Cumberland, Maryland, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 2007 conviction for distribution of crack and possession of crack with intent to distribute. In his petition, petitioner stated repeatedly that his filing was "not a motion or petition pursuant to 28 U.S.C. § 2255." In an order dated June 24, 2010, I explained to petitioner that a federal prisoner seeking to attack his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255. Dkt. #3 at 3 (citing Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003)). I told petitioner that his petition would be dismissed unless he could explain why § 2255 is inadequate or ineffective

1

to challenge his federal conviction and sentence. 28 U.S.C. § 2255(e). Petitioner has been granted two extensions of time in which to respond to the June 24 order. Now petitioner has filed a third motion for extension of time, alleging that the legal assistant who is supposed to be helping him with his § 2241 petition is likely defrauding petitioner and petitioner's family. He asks for more time to respond to the June 24 order so that he may investigate the situation with his legal assistant.

I am denying petitioner's motion for another extension of time. If petitioner's suspicions about the behavior of his legal assistant are true, the conduct is reprehensible and has left petitioner in an unfortunate situation. However, petitioner has had more than two months to provide a response explaining why he filed a petition under § 2241 rather than a motion under § 2255, and he has not even attempted to offer an explanation. Moreover, he suggests in his most recent letter to the court that he plans on filing a § 2255 motion before the deadline passes. I am left to conclude that petitioner has no explanation for his filing of a petition for a writ of habeas corpus at this time. Because petitioner has not established that § 2241 is the proper vehicle for bringing his claim, his petition must be dismissed. Petitioner may wish to focus his energies on preparing his § 2255 motion before the deadline passes.

ORDER

IT IS ORDERED that James Frazier's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED under 28 U.S.C. § 2255(e).

Entered this 13th day of September, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

3